IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RAY M. PADDOCK,**                                      04-CV-1875-BR

       **Plaintiff,**                              OPINION AND ORDER

v.

**JO ANNE B. BARNHART,
Commissioner of
Social Security,**

       **Defendant.**


**ALAN STUART GRAF, P.C.**
Alan Stuart Graf
1020 S.W. Taylor Street
Portland, OR  97205
(503) 452-2375

    Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1053


 1 - OPINION AND ORDER

**VIKASH CHHAGAN**
Acting Regional Chief Counsel
**DAVID BLUME**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2212

    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Ray M. Paddock seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's protective application for Disability Insurance Benefits and found Plaintiff ineligible for Supplemental Security Income (SSI) payments.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough and careful review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

## ADMINISTRATIVE HISTORY

Plaintiff filed his most recent applications for DIB and SSI on February 12, 2002.  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on June 14, 2004.  At the hearing, Plaintiff was

represented by an attorney. Plaintiff, his wife, a medical expert, and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on August 25, 2004, in which she found Plaintiff was not entitled to benefits. That decision became the final decision of the Commissioner on November 5, 2004, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

### I. Plaintiff's History

Plaintiff was born on July 30, 1954, and was 50 years old at the time of the hearing. Plaintiff graduated from high school and attended college for four years. He served in the military from 1972 through 1992. Tr. 69. Plaintiff's past relevant work includes employment as an aircraft maintenance supervisor, long-haul truck driver, garbage-truck driver, septic service pumper/driver, process operator, production supervisor, and benefits counselor. Tr. 29, 119. He has not performed any substantial gainful activity since his alleged disability onset date of February 28, 2000.

Plaintiff apparently began receiving disability benefits from the Department of Veterans' Affairs (VA) in 1999. Tr. 65. On January 4, 2001, the VA rated Plaintiff's service-connected disability at 80% and found Plaintiff was entitled to "individual

unemployability" benefits. Tr. 81. Plaintiff's disability rating from the VA is based on the following service-related conditions: depression, irritable bowel syndrome, right knee injury, and migraine headaches. Tr. 81.

On his application for Social Security benefits, Plaintiff listed depression, pain syndrome, migraines, irritable bowel syndrome, and right knee injury as reasons for his inability to work. Tr. 97. At the hearing, Plaintiff testified he currently has migraines twice per month with each migraine lasting one and a half to two days. Tr. 595. Plaintiff also testified he has ongoing pain in his left arm and shoulder that limits his activity (Plaintiff is left-handed). Tr. 600. Plaintiff testified he usually lies down once or twice each day for an hour or two because of fatigue. Although Plaintiff stated he believes he is sometimes able to maintain concentration and attention for up to two hours, he has never done so. Tr. 604. Plaintiff testified he currently takes numerous prescribed medications including antidepressants, migraine medicine, sleeping aids, and narcotic pain relievers. Tr. 595, 604, 607. Plaintiff has been seeing Charles Kuttner, M.D., a psychiatrist, since 1998 for treatment of his depression and pain syndrome. Tr. 601.

## II. Medical Evidence

Except when noted below, Plaintiff does not challenge the ALJ's summary of the medical evidence.

After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 30-35.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports

or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. §§ 416.920, and 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Yuckert*, 482 U.S. at 140. *See also* 20 C.F.R. §§ 416.920(b) and 404.1520(a)(4)(i).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant has no "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. §§ 416.920(c) and 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges

are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. §§ 416.920(d) and 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 416.945(a) and 404.1560. *See also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. §§ 416.920(e) and 404.1560(a)(3).

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. §§ 416.920(e), (f), and 404.1560(c). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the

Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 416.920(f)(1) and 404.1520(g).

## II.  The ALJ's Decision

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since the onset of his alleged disability.  Tr. 30.

At Step Two, the ALJ found Plaintiff has "physical (knee condition status post 2001 surgery) and psychological impairments (somatoform pain disorder and mild depressive/adjustment disorder) that are severe within the meaning of the Regulations."  Tr. 35.

At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the presumptively disabling conditions in the Listing of Impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 35.

The ALJ determined Plaintiff retained the RFC to perform a reduced range of light and sedentary work that does not involve any complex tasks.  Tr. 36.  The ALJ further found Plaintiff is precluded from work that requires sustained attention to detail or coordination with others.  The ALJ also found Plaintiff cannot work around hazardous conditions.  Tr. 36.  The ALJ concluded Plaintiff could not perform any of his past relevant work, but

she found Plaintiff retained the capacity to perform work as an agricultural sorter, marking clerk, storage facility rental clerk, and callout operator. Tr. 37.

## DISCUSSION

Plaintiff contends the ALJ erred when she rejected the VA's disability rating. The Court agrees.

On January 4, 2001, the VA rated Plaintiff's service-connected disability at 80% and granted Plaintiff individual unemployability benefits. In the Rating Decision, the VA stated "[e]ntitlement to individual unemployability is granted because the claimant is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities."

An ALJ ordinarily must give "great weight" to a VA determination of disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ may give less weight to a VA disability rating if she "gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*

Although the ALJ cited *McCartey* in her opinion, the ALJ, nonetheless, rejected the VA's disability decision because she found "[t]he VA rating is not based on occupational functioning," but instead is based on "unemployability." The ALJ stated, "Social Security Regulations specifically exclude employability

from being considered when determining whether or not a claimant is disabled." The ALJ's decision, however, is based on a legal analysis that is contrary to the Ninth Circuit's holding in *McCartey* and fails to recognize the VA's definition of the term "unemployability."

In *McCartey*, the Ninth Circuit held an ALJ in a Social Security disability case must give great weight to a VA rating because "of the marked similarity between these two federal programs. Both programs serve the same governmental purpose - - providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.*

The ALJ concluded the VA's focus on "unemployability" precluded her acceptance of the VA's conclusions. The ALJ apparently believed the VA's use of the word "unemployability" created an irreconcilable conflict between the VA's disability analysis and the SSA's disability analysis because "unemployability" is not a factor in the SSA analysis. A review of the VA's regulations, however, reveals the flaw in the ALJ's analysis.

38 C.F.R. § 4.16 provides in pertinent part:

> Total disability ratings for compensation
> based on unemployability of the individual
>
> (a) Total disability ratings for
> compensation may be assigned, where schedular
> rating is less than total, when the disabled
> person is, in the judgment of the rating
> agency, unable to secure or follow a
> substantially gainful occupation as a result
> of service-connected disabilities.
>
> * * *
>
> (b) It is the established policy of the
> Department of Veterans Affairs that all
> veterans who are unable to secure and follow
> a substantially gainful occupation by reason
> of service-connected disabilities shall be
> rated totally disabled.

Under the SSA regulations, an individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C § 423(d)(1)(A). As the Ninth Circuit implicitly acknowledged in *McCartey*, both the SSA and the VA evaluate an individual's "ability to perform full-time work in the national economy on a sustained and continuing basis." Thus, there is no inherent conflict between the VA's disability analysis and the SSA's disability analysis.

Accordingly, the Court concludes the ALJ erred when she rejected the VA's disability determination, and, therefore, the Court reverses and remands this case to the ALJ.[1]

---

[1] Because the Court reverses on this basis, it is not necessary to reach the other errors asserted by Plaintiff.

## REMAND

The Court has discretion to remand a case either for further proceedings or for the immediate payment of benefits. *Harman*, 211 F.3d 1178. The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The Court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here, as in *McCartey*, the VA's disability finding was supported by an extensive medical record. The record is fully developed and, giving great weight to the VA disability rating, a finding of disability is required.

Accordingly, the Court finds Plaintiff was disabled throughout the relevant period and reverses and remands this matter for the calculation and payment of benefits.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

42 U.S.C. § 405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this 24th day of January, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge